U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 6 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHERRICK DEWAYNE RINGER, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-501-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Sherrick DeWayne Ringer ("Ringer") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On November 6, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by November 27, 2008. On November 25, 2008, Ringer filed his written objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or

recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommended that Ringer's application be denied. As categorized in the FC&R, Ringer's application asserts five grounds for relief: (1) he is actually innocent of the charges against him; (2) he was denied his right to counsel of his choice when the trial court appointed Richard Alley as lead counsel two days before trial at the request of Myron Kimball, Jr., Ringer's retained counsel; (3) the indictment was fundamentally defective because it charged a void penal statute; (4) a claim arising under Batson v. Kentucky, 476 U.S. 79 (1986), regarding an alleged discriminatory strike against one prospective black juror; and (5) ineffective assistance of counsel as to (i) Kimball because he failed to object to the appoint of Alley, and (ii) Alley because he (a) failed to object to the state's use of a prior offense against the outcry witness; (b) failed to object to the state's failure to call the outcry witness's mother or to subpoena the mother on Ringer's behalf; (c) failed to object to the state's threat of perjury charges

2

against Regina Ringer, his wife; (d) failed to object to the testimony of the nurse who examined the outcry witness as inadmissable hearsay; and (e) failed to conduct a pretrial investigation, interview the state's witnesses, review the state's file, or acquaint himself with Ringer's case. As the Magistrate Judge discussed at length, Ringer is not entitled to relief on any of his claims.

1. Claim of actual innocence.

Ringer's claim of actual innocence is grounded on the outcry witness's purported recantation of her trial testimony and the allegations against him. As discussed in the FC&R, independent claims of actual innocence are not cognizable in the Fifth Circuit. See Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006); Graves v. Cockrell, 351 F.3d 143, 151 (5th Cir. 2003). In his objections, Ringer essentially reiterates his initial claim, which is no more than a conclusory assertion that the trial court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court." App. at 2. Ringer also objects that neither the trial court nor the district attorney identified "reasonable inconsistencies in the record" that would indicate the recantation lacked "trustworthiness and credibility." Id.

3

However, the same judge presided over Ringer's state court trial and conducted the evidentiary hearing on his state habeas application; he concluded that the witness's recanting testimony lacked trustworthiness and credibility. This finding is entitled to a presumption of correctness, and Ringer has failed to offer the clear and convincing evidence necessary to overcome the presumption. See May v. Collins, 955 F.2d 299, 313-14 (5th Cir.1992)(overruled on other grounds, Duncan v. Cockrell, 70 F. App'x 741 (5th Cir. Jul.3,2003)).

2. Counsel of Choice.

The Magistrate Judge rejected Ringer's contention that he was deprived of the counsel of his choice because the trial court allowed one of his retained attorneys to withdraw due to illness, and, upon the request of Ringer's other retained counsel, appointed a more experienced criminal attorney as lead counsel. Ringer's only objection to the FC&R on this claim is that because the trial record contains no account of the reasons for the substitution of counsel, the trial court must have attempted to manufacture a record by obtaining affidavits from Ringer's attorneys to cover the unconstitutional appointment. Ringer's

objection is absurd, and he offers nothing in support thereof.[1] "The Sixth Amendment requires only that a defendant be given a fair or reasonable opportunity to obtain particular counsel; it does not guarantee an absolute right to the counsel of one's choice." United States v. Paternostro, 966 F.2d 907, 912 (5th Cir. 1992). Ringer's objection is without merit.

3. Validity of Indictment.

Ringer originally contended that the indictment was defective because it "charged a void penal statute." App. at 7(c). The Magistrate Judge rejected Ringer's contention because such claims are not cognizable for the first time in a habeas proceeding. See Ex parte Gibson, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990). None of the cases cited in Ringer's objections hold otherwise. As Ringer does not contend that he raised this issue in any pretrial objection, this objection is also without merit.

4. Ringer's Batson Claim.

Ringer does not specifically object to the FC&R regarding his Batson claim, but rather re-urges his initial grounds for relief. The court need not address such nonspecific objections. See Battle, 834 F.2d at 421.

---

[1] Notably, Ringer's objections rest on lack of a record regarding the reasons for the appointment; he does not contend that he actually objected to Alley's appointment.

5. <u>Ineffective Assistance of Counsel.</u>

Ringer's only specific objection to the FC&R regarding his claims of ineffective assistance of counsel was a reiteration of his initial complaint that evidence of prior acts between a defendant and same child victim are not admissible under Tex. Code of Crim. Proc. Ann. art. 38.37. He offers only generalized, non-specific objections to the remaining FC&R on this claim. As Ringer has made no specific objections, the court need not address this claim further. <u>See id.</u> None of the objections submitted by Ringer entitles him to relief on any of his claims.

Therefore,

The court accepts the findings, conclusions and recommendation of the Magistrate Judge, and ORDERS that the application of Sherrick DeWayne Ringer for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED January 6, 2009.

JOHN McBRYDE
United States District Judge